**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMIRO TELLEZ-MURO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-213

Agency No.
A200-670-908

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024[**]
Seattle, Washington

Before: WARDLAW and MILLER, Circuit Judges, and CORLEY, District
Judge.[***]

Ramiro Tellez-Muro, a native and citizen of Mexico, petitions for review of

a Board of Immigration Appeals ("BIA") decision denying his motion to reopen.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jacqueline Scott Corley, United States District Judge
for the Northern District of California, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review. Because Tellez-Muro challenges the BIA's denial "of sua sponte reconsideration or reopening," we have jurisdiction to review only for "legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) (quoting *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016)).

1.      The BIA did not commit legal or constitutional error in determining that Tellez-Muro's motion to reopen was untimely.  The agency accurately concluded that the motion, which was filed more than three years after proceedings concluded, failed to comply with the applicable 90-day deadline.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  The deadline plainly applies, for Tellez-Muro did not invoke any statutory exception to the 90-day deadline or invoke equitable tolling.  And while Tellez-Muro argues that a removal order based upon a vacated conviction is "illegal ab initio," this argument is inapposite because the agency's removal order was never premised on the vacated conviction.

2.      The BIA did not commit legal or constitutional error in determining that Tellez-Muro failed to establish prima facie eligibility for cancellation of removal.  The agency set forth the proper standard for eligibility, noting that a conviction for an offense described in 8 U.S.C. § 1182(a)(2), § 1227(a)(2), or § 1227(a)(3) disqualifies Tellez-Muro from relief.  *See* 8 U.S.C. § 1229b(b)(1)(C).  Moreover, the agency properly noted that in a motion to reopen, Tellez-Muro need

2                                                          23-213

only show a "reasonable likelihood" of success on the merits. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1254–55 (9th Cir. 2014). The BIA's decision does not suggest that the agency ignored the possibility that a marijuana conviction for simple possession of less than 30 grams would be subject to an exception, *see* 8 U.S.C. 1227(a)(2)(B)(1), or eligible for a waiver, *see* 8 U.S.C. § 1182(h). Rather, the agency concluded that the presence of Tellez-Muro's 2001 marijuana possession conviction on his criminal record and his corresponding failure to "present[] sufficient evidence to establish that his 2001 conviction... does not render him ineligible" undermined his prima facie case. This decision evinces no legal error.

Moreover, contrary to Tellez-Muro's suggestion that the agency ignored the evidence he submitted, the BIA "considered the respondent's evidence" but found it insufficient. And while Tellez-Muro argues that the BIA engaged in improper factfinding, the BIA's decision did not weigh evidence or evaluate credibility. *See Tadevosyan*, 743 F.3d at 1256.

**PETITION FOR REVIEW DENIED.**